**Ritu Bala Kaur KHERA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72606.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 19, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Manpreet Singh Gahra, Law Office of Manpreet Singh Gahra, Berkeley, CA, for Petitioner.

Ronald E. Lefevre, Chief Legal Officer, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, Larry P. Cote, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Ritu Bala Kaur Khera, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") order denying her application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's decision for substantial evidence. *Ramos–Vasquez v. INS*, 57 F.3d 857, 861 (9th Cir.1995). We grant the petition for review and remand for further proceedings.

Substantial evidence does not support the BIA's conclusion that Khera's two medical certificates were inconsistent with her claim that she sought medical attention after she was released from detention because the dates of treatment they contained did not conflict with her date of release. *See Singh v. Gonzales*, 403 F.3d 1081, 1091 (9th Cir.2005). Moreover, the BIA's finding is not supported by substantial evidence as it does not address Khera's explanation as to why there were two certificates and why they contained two different dates. *See Ordonez v. INS*, 345 F.3d 777, 786 (9th Cir.2003) (noting that the BIA must identify and respond to a petitioner's explanation of a perceived inconsistency).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

The BIA's finding that the evidence of record does not corroborate Khera's claim that she was raped on at least two occasions during her detention is improper because she was not placed on notice that corroborating evidence was necessary to establish her claim, *see Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir.2000) (holding that petitioner should have presented his father at the hearing to corroborate his testimony, but remanded because he had no notice that negative credibility finding could be based on this failure), and there is no indication that evidence corroborating Khera's rapes in India would be readily available. *See id.* at 1091–92 (holding that it is inappropriate to base adverse credibility finding on a petitioner's inability to obtain corroborating evidence from individuals living outside the United States).

Substantial evidence does not support the BIA's adverse credibility determination with respect to Khera's religious affiliation because it inappropriately relied upon conjecture about how a true Sikh would look in a passport photograph and what last name a true Sikh would use. *See Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir.2000).

Because the BIA's adverse credibility finding was improper, we remand to the BIA so that it can determine in the first instance whether, accepting Khera's testimony as true, she is eligible for relief. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED** for further proceedings.